UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT BUGG, #182768,

    Petitioner,

v.

    CASE NO. 2:19-CV-10262
    HON. ARTHUR J. TARNOW

CATHERINE BAUMAN,

    Respondent.
_____/

**OPINION & ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Lamont Bugg ("Petitioner") was convicted of accosting a child for immoral purposes pursuant to a plea in the Wayne County Circuit Court. He was sentenced to one to four years imprisonment in accordance with a *Cobbs* agreement in 2017. In his pleadings, he raises claims concerning the voluntariness of his plea.

At the time he instituted this action in 2019, Petitioner was confined at the Alger Correctional Facility in Munising, Michigan. The Court issued a Notice Regarding Parties' Responsibility to Notify Court of Address Changes on February 12, 2019. Respondent filed an answer to the habeas petition and the state court record on April 5, 2019. Petitioner did not file a reply to that answer. The Court has since discovered that Petitioner was discharged from his sentence on September 19, 2020 and is no longer in state custody. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=182768. In the interim, he has not contacted the Court nor provided updated contact information, and the Court has no known address for him.

## II.     Discussion

Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case based upon a party's failure to keep the Court apprised of address changes and updated contact information. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person

> files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2. Pro se litigants have the same obligation as an attorney to notify the court of a change of address. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, No. 2:07-CV-12; 2009 WL 2595604, *1 n. 1 (W.D. Mich. Aug. 20, 2009) (quoting *Kelly v. Wal-Mart, Inc.*, No. 7:07-CV-0089; 2007 WL 2847068, *1 (N.D. N.Y. Sept. 26, 2007)).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . .," Fed. R. Civ. P. 41(b), and Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. The Court may thus dismiss a civil action for failure to prosecute pursuant to those rules. *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

3

Petitioner has a duty to provide the court with his current address or risk dismissal of his case. *Watsy v. Richards*, No. 86-1856, 1987 WL 37151 (6th Cir. April 20, 1987). Petitioner was discharged from his sentence and released from state custody on September 19, 2020, but has not provided the Court with updated contact information. He has thus failed to comply with Local Rule 11.2 and the Court's Notice. Consequently, his case is subject to dismissal. *See, e.g., White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); *Harkleroad v. Astrue*, No. 4:03-CV-15, 2011 WL 3627161, *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court apprised of her current address."); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas case based upon failure to provide current contact information and failure to exhaust state court remedies).

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that this case must be dismissed for want of prosecution. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

      _s/Arthur J. Tarnow_____
      ARTHUR J. TARNOW
      UNITED STATES DISTRICT JUDGE

Dated: October 19, 2020